## The State v. Howell Wren and Others.

No authority was given to Sheriff prior to the adoption of the Code of Criminal Procedure, to take a bail bond, except where a defendant is committed in default of bail by a magistrate, or when taken by capias in vacation.

Nor had such officer the power to receive an accused from the hands of his former bail and take new, without process in his hands, or the order of the committing magistrate:

Appeal from Harris. Tried below before Hon. Peter W. Gray.

In *scire facias* against Wren and his sureties, Hogan and Hadley, upon the bail bond of said Wren, charged with the murder of Lewis Isaacks.

Defendants, by way of special demurrer, alleged that their principal, the said Howell Wren was, on the 29th day of January, 1856, arrested on a charge of the murder of one Lewis Isaacks, and was taken before M. V. Jones, a Justice of the Peace for Harris county ; that said Justice did, on the day above stated, require the said Wren to enter into security in the sum of $2200. That on the 29th day of January, 1856, he did enter into bond with Jno. B. Sydnor and Geo. W. Frazier as sureties in the said sum of $2200, conditioned that he should make his appearance at the next District Court for the county of Harris, and that on the same day the bond was accepted by said Justice, and said Wren discharged from custody. That on the 21st February, 1856, Thomas M. Hogan, Sheriff of Harris county, without any lawful authority or capias, or any other process, arrested and incarcerated Wren in the county jail of Harris, and refused to restore him to his liberty until he gave the bond set out in the *scire facias.* The *scire facias* was quashed and the State appealed.

*J. Willie*, Attorney General, for the State.

*J. W. Henderson* and *A. N. Jordan*, for appellee.

HEMPHILL, C. J.   We are of opinion that there was no error in the judgment.

The Sheriff's power in taking recognizances, bail bonds, &c., is regulated by Statute, and no authority was given him (prior to the adoption of the Code,) to take a bail bond under the facts as presented in this case.   He had such authority when the defendant was, in default of bail, committed by a Justice of the Peace, (Art. 1706) or when executing a capias in a bailable case in vacation.   (Dig. 2889.)   But no such power in case of surrender into custody of the defendant by his bail, and it is therefore ordered that the judgment be affirmed.

Judgment affirmed.